MARTIN ROTHBARTH et al., Plaintiffs, *v.* FELIX HERZFELD et al, Defendants.

(Supreme Court, New York Special Term, June, 1917.)

Actions — who may maintain — residence in enemy country — pleading— when motion to dismiss complaint denied — trial.

> A motion to dismiss the complaint in an action commenced in 1910, in which two of the plaintiffs are residents and citizens of Germany, on the ground of the residence of said plaintiffs in an enemy country, will be denied.

If the fact of such residence be a defense to the action it goes to the disability of the plaintiffs to maintain the action because of the existing state of war with the German empire; such a defense must be set up by answer and the issues thereby raised should be tried and not disposed of summarily on affidavits.

MOTION to dismiss complaint.

Englehard & Pollak (George H. Englehard, of counsel), for plaintiffs.

Bernard Naumberg (William N. Cohen, of counsel), for defendants.

TIERNEY, J. This action was commenced in 1910. Its merits have been examined by a referee appointed to hear and determine the issues, before whom the action is still pending. Two of the plaintiffs are residents and citizens of Germany. The third appears to be a resident of England, but his citizenship is disputed in the proofs on this motion. After the commencement of this action the cause of action was assigned to two residents of this state as trustees for certain creditors of the plaintiffs. There is a dispute in the proofs on this motion as to what are the remaining interests of the beneficiaries in the proceeds of the suit, but it is not disputed that some are non-resident citizens of an enemy country.

This motion is made to dismiss the complaint on the ground of the residence of the plaintiffs in an enemy country. If this be a defense to the action it goes to the disability of the plaintiffs to maintain the action in our courts by reason of the existing state of war with the German empire. Such a defense is one to be set up by answer, and the issues thereby raised should be tried as other issues and not disposed of summarily

on affidavits. Contrary views may seem to have been expressed by some opinions, but the weight of authority is clearly in favor of that doctrine. The only relief that the court at Special Term can grant on motion is to allow the defendant to interpose a supplementary answer presenting such defense. As that application has already been made to another justice by a separate motion, I will express no opinion as to whether it should be granted. If it is, the learned referee can dispose of the new defense that has arisen in his decision of the other issues and on evidence of the facts that may be in dispute. A state of war has never been held to confiscate a debt owing by a resident to a non-resident citizen of an enemy country. It may suspend the remedy of collection through our courts, or prohibit the transmission of the proceeds to the enemy country, but this is to prevent giving aid to the enemy country through sending resources to its citizens and not to enable the resident debtor to repudiate his liabilities. In a case like the present where some of the real parties in interest may be unaffected by the disability, the most that the defendants can ask for is that the question of how the judgment herein shall provide that the interests of our country shall not be affected adversely may be presented by proper pleading and examined and determined upon evidence. That the questions of law will be properly determined by the learned referee may be assumed, and in any event the defendants will have as full an opportunity to present their contention before him as they can by application to the court at Special Term.

Motion to dismiss complaint denied.