ALEXANDER PANEE, Plaintiff, v. PEDRO SOLER and Others, Defendants.

(Supreme Court, New York Special Term, December, 1917.)

Aliens — cannot during war prosecute actions in our courts — bill of particulars — pleading.

An alien enemy resident in the enemy's country cannot during the present war prosecute an action in our courts, and where a defendant in a single motion unites a demand for a bill of particulars of plaintiff's claim and a demand that plaintiff be required to state under oath whether at the commencement of the action he was, and whether he now is, a citizen of the German Empire and a subject of the Imperial Government of the Empire of Germany, and to further state the place of residence of plaintiff and, if in the United States of America, the state, city and street address of his residence, together with such other and further relief as may be just, the second branch of the motion will be granted and the first branch denied, but without prejudice to a renewal thereof whenever it is made to appear that the facts are such that the action may proceed.

MOTION by the defendant Emilio Lopez for a bill of particulars.

A. Stedman Jameson, for motion.

Leo Oppenheimer, opposed.

GIEGERICH, J. The defendant Emilio Lopez has united in a single motion a demand for a bill of particulars of the plaintiff's claim and a demand that '' the plaintiff be required to state under oath whether at the time this action was commenced he was and whether he now is a citizen of the German Empire and a subject of the Imperial Government of the Empire of Germany, and to further state the place of residence of the plaintiff, and if in the United States of America the state, city and street address of his residence, together with such other and further relief as may be just.'' It has long been the established law of this state that an alien enemy resident in the enemy's country cannot, during the war, prosecute an action in our courts. *Rothbarth* v. *Herzfeld,* 100 Misc. Rep. 470, and cases cited. It is plain, therefore, that it is important to the said defendant to have the information which he seeks with respect to the residence and citizenship of the plaintiff. If the situation is as the defendant alleges, and the plaintiff is a non-resident alien, then, clearly, the plaintiff has no standing to prosecute the action during the period of the war. It follows also that the courts should not be asked at this time to determine whether or not the defendant is entitled to a bill of particulars in an action which cannot now be prosecuted. On behalf of the plaintiff the objection is made that information concerning residence and citizenship is not a proper part of a bill of particulars. The present motion, however, does not seek such information as a part of the bill of

particulars, but is an application independent from the application for a bill of particulars but united in the same motion. I cannot see that any statutory rule or sound principle of practice has been violated by the defendant in the course he has followed. In fact, in the *Rothbarth* case, above cited, it was observed that it was entirely competent for the court to act summarily in such a case, and suspend the further prosecution of the action upon it being established to its satisfaction, by affidavit or otherwise, that the action is being prosecuted by an alien enemy. The case is not one where nice distinctions of practice should be drawn. As a matter of fact, in my disposition of the matter, I have in effect treated it as made solely for information as to residence and citizenship, and have disregarded and refused to pass upon that portion of the motion which asks for a bill of particulars. The second branch of the motion is granted and the first branch is denied, without costs and without prejudice to a renewal thereof whenever it is made to appear that the facts are such that the prosecution of the action can be proceeded with. Motion disposed of as indicated, without costs.

Ordered accordingly.